FILED
1/28/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAKSHMI ARUNACHALAM,             )<br>                                                         )<br>               Plaintiff,                            )<br>       v.                                             )<br>                                                         )<br>INTERNATIONAL BUSINESS        )<br>MACHINES CORPORATION,     )<br>                                                         )<br>               Defendant.                        )  | Civil Action No.  1:20-cv-02362 (UNA) |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se* and *in forma pauperis*, initiated this patent infringement matter on August 24, 2020.  Upon initial review of the Complaint, the court found that Plaintiff failed to establish venue pursuant to the relevant statute, 28 U.S.C. §1400(b), and issued an order requiring Plaintiff to show cause why this matter should not be transferred the United States District Court for the Southern District of New York.  *See* 9/29/20 Ord., ECF No. 4.

As explained in the show cause order, venue may be invoked under Section §1400(b) through one of two avenues.  *See id*. at 1.  First, venue may lie in the judicial district where the defendant resides, 28 U.S.C. §1400(b), and a corporation resides only in its state of incorporation, *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017).  Here, Defendant is incorporated, and therefore resides, in New York.  *See id.*; *see also* Compl. ¶ 9.  Second, venue may lie in the district where the defendant has committed acts of patent infringement *and* has a regular and established "place" of business.  28 U.S.C. §1400(b) (emphasis added).

Plaintiff filed a timely response to the show cause order, ECF No. 5, on October 7, 2020.  Plaintiff attempts to establish venue in this District by way of the "second avenue."  *See* Pl.'s Resp.

at 2–3.  She contends that Defendant has a "physical place" of business, *see TC Heartland LLC*, 137 S. Ct. at 1519–20, in the District of Columbia, Pl.'s Resp. at 2–3.

Plaintiff next contends that Defendant "sold [her patents and patented technologies] to the United States Government" without her permission, and that "every Department of the Government" is "powered" by her inventions. *See id.* at 1–2.  An act of infringement is committed when a person "without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor." *Illinois Scientific Developments, Inc. v. Sirica*, 410 F.2d 237, 250 (D.C. Cir. 1968) (per curiam) (citing 35 U.S.C. § 271(a)).  To establish venue, Plaintiff must allege that, at the time this action was commenced Defendant "had made, used or sold in [this District] any machine or device embodying the patented invention." *Id*.  While her claims that Defendant committed acts of patent infringement in this District are somewhat ambiguous, the Court finds that she has alleged enough to render venue appropriate. Notwithstanding, in now turning to review the complaint, the claims will be dismissed for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and because they are barred by collateral estoppel.

Plaintiff contends that she is the inventor and owner of U.S. Patent Nos. 5,987,500 (the "'500 Patent"), 8,037,158 (the "'158 Patent"), and 8,108,492 (the "'492 Patent"), which were allegedly stolen and have been used impermissibly for profit for decades by Defendant.  *See* Compl. ¶¶ 5, 35–49.  These patents are, notably, "part of a family of patents that has been litigated extensively by Dr. Arunachalam."  *Arunachalam* v. *Exxon Mobil Corp*., NO. 6:19-CV-00171-ADA, 2019 WL 10303695 at *1, *4 (W.D. Tex. Jun. 26, 2019) (applying collateral estoppel and dismissing claims based on patents in same family) (collecting cases).  These three patents, among others in the "family," have been ruled invalid by various federal courts, *see id*., and put simply, a

defendant "cannot infringe an invalid patent," *Arunachalam v. IBM*, 759 Fed. Appx. 927, 930 (Fed. Cir. 2019) (affirming dismissal below, No. 16-281-RGA, 2018 WL 11151234 at *2 (D. Del. May 22, 2018)); *see e.g., Pi-Net Int'l Inc. v. JPMorgan Chase & Co.*, 42 F. Supp. 3d 579, 588–94 (D. Del. 2014) (finding '500, '158, and '492 patents to be invalid and not infringed), *aff'd*, *Pi-Net Int'l, Inc. v. JPMorgan Chase & Co.*, 600 F. App'x 774, 775 (Fed. Cir. 2015) (dismissing appeal), *rehearing denied*, *Arunachalam v. SAP America, Inc.*, No. 2015-1424, -1433, -1429, -1869, (Fed. Cir. Sept. 23, 2016), *cert. denied*, 138 S. Ct. 129 (2017).

"Collateral estoppel protects a party from having to litigate issues that have been fully and fairly tried in a previous action and adversely resolved against a party-opponent." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). As it relates to patent litigation, "where a patent has been declared invalid in a proceeding in which the 'patentee has had a full and fair chance to litigate the validity of his patent[,]' the patentee is collaterally estopped from further relitigating the validity of the patent." *Mississippi Chemical Corp. v. Swift Agr. Chemicals Corp.*, 717 F.2d 1374, 1376 (Fed. Cir. 1983) (quoting *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 333 (1971)) (internal citations omitted).

Although collateral estoppel is an affirmative defense, "courts may dismiss *sua sponte* . . . a claim [or issue] has been previously decided because of the policy interest in avoiding 'unnecessary judicial waste.'" *Walker v. Seldman*, 471 F. Supp. 2d 106, 114 n. 12 (D.D.C. 2007) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)); *see accord Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (courts "may raise the *res judicata* preclusion defense *sua sponte*" ) (citing *Brown v. District of Columbia*, 514 F.3d 1279, 1285–86 (D.C. Cir. 2008)) (other citation omitted); *see also Fenwick v. U.S.*, 691 F. Supp. 2d 108, 116 (D.D.C. 2010) (observing that the doctrines of res judicata and collateral estoppel "are so integral to the administration of the

courts that a court may invoke [them] *sua sponte*.") (citations and internal quotation marks omitted) (alteration in original).

Here, Plaintiff brings patent infringement claims based on invalid patents – issues that she has raised, and have been subsequently fully and finally resolved, on multiple prior occasions. And, in a case such a this, where a plaintiff sues "an alleged infringer," the court would be ostensibly asked to "relitigate the validity of a patent that has been invalidated in a prior case[,]" which is untenable for the reasons identified above. *See Mississippi Chemical Corp.*, 717 F.2d at 1380 (citing *Blonder-Tongue Laboratories,* 402 U.S. at 333).

In an attempt to circumvent these fundamental defects, Plaintiff argues that the "Judiciary and USPTO" have engaged in a long-term conspiracy to infringe upon her constitutional rights and deny her justice, collectively [sic] "acting as Attorneys to Corporate Infringers (as in the Gen. Flynn case), all disorders and neglects to the prejudice of good order, discipline and justice, of a nature to bring discredit upon the Judiciary and United States, and crimes and offenses which violate Federal and state laws and the Constitution." *See* Compl. ¶¶ 10–34.  Though it is not entirely clear, and they are not formally named as defendants in this matter, plaintiff appears to seek billions in damages from various judges and the United States Patent and Trademark Office ("USPTO"). *See id.* ¶ 16.  These types of conspiracy claims are not only considered "patently unsubstantial," *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994), but judges and the USPTO are, respectively, entitled to forms of immunity from damages suits, *see Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (holding that judges are absolutely immune from suit for any actions taken in a judicial or quasi-judicial capacity); *Cornish v. United States*, 885 F. Supp. 2d 198, 204–08 (D.D.C. 2012) (holding that sovereign immunity shields the USTPO from suit).  Thus, these allegations do not assist Plaintiff in pursuing her claims anew.

For all of these reasons, this matter is dismissed. The show cause order, ECF No. 4, is thus discharged and the motion for CM/ECF password, ECF No. 3, is denied as moot. A separate order accompanies this Memorandum Opinion.

Date: January 28, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge